R. C. STEELE *v.* WAGER SWAYNE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—721.]

**Jury Taking Pleadings to the Jury Room.**

There can be no legal objection to the jury taking to their rooms the pleadings in the case, although a demurrer had been sustained to parts of them, nor is the exhibition of a lease involved in a suit prejudicial error, particularly where no objection is made by the parties thereto.

APPEAL FROM FRANKLIN CIRCUIT COURT.

February 22, 1883.

OPINION BY JUDGE PRYOR:

By the terms of the original contract of leasing between the heirs of Harris and the appellant, Steele, the latter bound himself to keep the hotel property, fixtures and furniture leased in good repair, supplying at all times such articles as may be necessary at their own expense, so as to give the lessors a net rent income of the amount agreed to be paid. As a defense to the claim for rent under the lease the appellant alleges that by a certain conveyance, by which the city of Frankfort divested itself of title to the hotel property, the vendee of the city, under whom the appellees (the heirs of Harris) claim title, bound himself to keep a first-class hotel, and that complaint having been made by the city that this obligation on the part of its vendee had not been complied with, the heirs (appellees) through their agent, C. Kelly, made a subsequent or additional agreement by which the appellant was authorized to make such improvements as would enable him to keep a first-class hotel, the heirs agreeing to deduct the improvements from the rent.

This is denied by the appellees, but they admit that they authorized expenditures in the way of improvements to the extent of $1,000, and the letter of the executor of Harris is exhibited evidencing that fact. Waiving the question as to the sufficiency of the answer, the issue was presented to the jury as made or tendered by the defendant and a verdict returned, from which it appears that they allowed appellant not only the $1,000 but a sum exceeding that amount for the improvements made. The appellant was entitled only to the improvements made subsequent to the alleged contract with Kelly, and then only such as he was not required to make by the original lease; and the verdict in this case evidences the fact that the appellant has received a credit for such extra improvements as he was authorized to make, conceding that the contract was approved by all the parties to it.

As the paper read, furnishing rooms and all like conveniences for keeping such a hotel was at the expense of the appellant under the original leasing, and the contract as shown by Steele was more in the nature of a gratuity than from any consideration going to the heirs. We perceive no objection to the jury taking to their

rooms the pleadings in the case, although demurrer had been sustained to parts of them; nor were the jury prejudiced in any way by the exhibition of the lease in the jury room, and particularly in the absence of any objection by appellant. It had been offered in evidence and was clearly competent, and therefore the jury had the right to consider it. The appellees are not complaining of the judgment, and we think under the issue made the appellant has obtained all that the jury were authorized to give.

Judgment *affirmed*.

*Wm. Lindsay, E. F. Trabue, for appellant.*

*W. B. Fleming, Ira Julian, for appellees.*

